**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LARRY ROSSER,

Plaintiff,

vs.

JENNIFER SHAFFER, *et al.*,

Defendants.

**Case No. 1:16-cv-01342-DAD-EPG-PC**

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

(ECF No. 9)

**THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT**

Plaintiff Larry Rosser is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On September 9, 2016, Plaintiff filed the complaint commencing this action. (ECF No. 1.) Plaintiff then filed a First Amended Complaint (the "FAC") on October 11, 2016. (ECF No. 9.) Plaintiff's FAC alleges that he was denied his due process rights when the California Board of Parole Hearings denied his parole.

The Court has screened Plaintiff's FAC and finds that it fails to state a claim. This order provides an explanation of the relevant law so that Plaintiff may amend his complaint with further factual allegations. Plaintiff may file an amended complaint within 30 days.

///

///

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id*. While factual allegations are accepted as true, legal conclusions are not. *Id*.

## II. SUMMARY OF COMPLAINT

Plaintiff is currently serving a sentence of 19 years to life at Kern Valley State Prison. In September 2014, Plaintiff appeared before a panel of the Board of Parole Hearings composed of Commissioner Elizabeth Richardson and Deputy Commissioner Patricia Cassady. Plaintiff was denied parole. In his FAC, Plaintiff contends that the Board erroneously

considered a number of factors in denying his appeal. Specifically, Plaintiff argues that the Board:

- Gave little weight to various inmates who discussed Plaintiff's good behavior in prison;
- Gave too much weight to an administrative misconduct report that Plaintiff received in 2007;
- Was not adequately knowledgeable about "Intimate Partner Battering";
- Did not fairly consider Plaintiff's lack of substance abuse problems and lack of propensity to deal drugs;
- Did not fairly evaluate Plaintiff's understanding of the domestic violence "Cycle of Violence";
- Unfairly used a Comprehensive Risk Assessment, a psychological examination, to evaluate Plaintiff; and,
- Did not record the examination that formed part of the Comprehensive Risk Assessment.

Plaintiff appears to have had a second parole hearing in 2016 before Commissioner Ali Zarrinnam and Deputy Commissioner Kelly Fowler. This hearing again resulted in a denial of parole. In this hearing, Plaintiff contends that the Board:

- Gave too little weight to a report by a doctor;
- Found Plaintiff not credible based on testimony given during his trial;
- Gave too much weight to Plaintiff's past gang involvement;
- Failed to "fix" his term according to a parole matrix;
- Failed to have one of the commissioners from his 2014 hearing present at the 2016 hearing;
- Failed to provide him an opportunity to correct the transcript of the hearing; and,
- Gave too little weight to Plaintiff's post-parole plans.

Plaintiff names as Defendants: Elizabeth Richardson, Commissioner of the Board of Parole Hearings; Patricia Cassady, Deputy Commissioner of the Board of Parole Hearings; Ali Zarrinnam, Commission of the Board of Parole Hearings; Kelly Fowler, Deputy Commissioner of the Board of Parole Hearings; Cliff Kusag, Chief Psychologist of the Board of Parole Hearings; June R. Pennington, a court reporter for Northern California Reporters; Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation; and Jennifer Shaffer, Executive Officer of the Board of Parole Hearings. Plaintiff seeks declarative and injunctive relief.

**III. DISCUSSION**

The Civil Rights Act, under which this action was filed, provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989), *quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that: (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007), *quoting Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183, *quoting Johnson*, 588 F.2d at 743. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

**A. Due Process – Fourteenth Amendment**

The Due Process Clause of the Fourteenth Amendment does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). When a state enacts a statutory scheme allowing parole, however, the state creates a liberty interest and "the Due Process Clause requires fair procedures for its vindication." *Id.* Thus, the Due Process Clause allows a district court to evaluate the procedural fairness of a prisoner's parole hearings. It does not, however, allow the Court to evaluate the *substantive* merits of those parole hearings:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In *Greenholtz*, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. *Id.*, at 16, 99 S.Ct. 2100. "The Constitution," we held, "does not require more." *Ibid.*
>
> . . .
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cooke and Clay received due process. Instead, however, the Court of Appeals reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence. See 606 F.3d, at 1213–1216; 384 Fed.Appx., at 545–546. Other Ninth Circuit cases have done the same. See, *e.g.*, *Pearson v. Muntz*, 606 F.3d 606, 611 (2010) *(per curiam)*. No opinion of ours supports converting California's "some evidence"

> rule into a substantive federal requirement. The liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest are those set forth in *Greenholtz*. See *Hayward v. Marshall*, 603 F.3d 546, 559 (C.A.9 2010) (en banc). *Greenholtz* did not inquire into whether the constitutionally requisite procedures provided by Nebraska produced the result that the evidence required; *a fortiori* it is no federal concern here whether California's "some evidence" rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied.
>
> It will not do to pronounce California's "some evidence" rule to be "a component" of the liberty interest, 606 F.3d, at 1213. Such reasoning would subject to federal-court merits review the application of all state-prescribed procedures in cases involving liberty or property interests, including (of course) those in criminal prosecutions. That has never been the law. To the contrary, we have long recognized that "a 'mere error of state law' is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); see also *Estelle*, 502 U.S., at 67–68, 112 S.Ct. 475. Because the only federal right at issue is procedural, the relevant inquiry is what process Cooke and Clay received, not whether the state court decided the case correctly.

*Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011); *see also Miller v. Oregon Bd. of Parole & Post Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("In other words, the question before the district court, and the one we face on review of the district court's decision, is not whether the Board's decision to deny Miller early eligibility for parole was substantively reasonable, nor whether the Board correctly applied Oregon's parole standards. Instead, it is simply whether the state provided Miller with the minimum procedural due process outlined in *Cooke*.").

Put simply, the Court will only review Plaintiff's parole hearings to determine whether they were procedurally fair—*i.e.*, whether Plaintiff was provided an opportunity to be heard and was given a statement of the reasons parole was denied. Plaintiff does not provide any allegations indicating that he was deprived of either of these. In fact, the FAC suggests that Plaintiff was present at the hearings, spoke on his own behalf, and received an explanation for the reasons his parole was denied. (FAC, ECF No. 9 at pgs. 12 ("Plaintiff testified as a witness in his own behalf."). Plaintiff has not stated a claim for violation of his due process rights. If Plaintiff chooses to amend the FAC, he must add allegations that explain why his procedural

due process rights were deprived, rather than explaining why he believes that Board of Parole Hearings made incorrect substantive decisions.[1]

The Court notes that the FAC recites the course of Plaintiff's parole hearing in great detail and appears to, in essence, ask the Court to review Plaintiff's parole hearing for error, although the FAC stops short of asking the Court to reverse the Board's decision. Plaintiff is advised, however, that the Court is unable to review the merits of the Board's decision in a § 1983 lawsuit. The Board of Parole Hearings possesses great discretion in making parole decisions. *In re Rosenkrantz*, 29 Cal.4th 616, 655 (2002) ("The [Board's] discretion in parole matters has been described as 'great' and 'almost unlimited'."). And if Plaintiff were to succeed on his claim, he would not receive immediate release from confinement or parole. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

To the extent Plaintiff seeks to challenge the duration or fact of his sentence, his sole federal remedy is a writ of habeas corpus and a lawsuit under 42 U.S.C. § 1983 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus."). As explained above, the Court's review of Plaintiff's parole hearings in a § 1983 lawsuit is restricted to procedural challenges and cannot proceed if he seeks to challenge the validity or duration of his sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("§ 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner . . . habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement.") (emphasis in original).

[1] For the same reason, the Court cannot review Plaintiff's claim that the Board discriminated against him on the basis of gender in its discussion of "intimate partner battering"; such a review would constitute, essentially, appellate review of the merits of the Board's decision.

The Court is not capable of drafting new state statutory language for California parole hearings. Thus, it cannot declare that the Board must set up multiple special hearing panels with experts on adolescent brain development and intimate partner battering, as Plaintiff requests. While the Court will discuss the other particular claims made in the FAC, Plaintiff should carefully consider his options before deciding whether to continue with his § 1983 suit.

**B. Double Jeopardy – Fifth Amendment**

The Double Jeopardy Clause of the Fifth Amendment protects against not only a second criminal prosecution for the same offense after acquittal or conviction, but also multiple punishments for the same offense. U.S. Const. amend V; *Witte v. United States*, 515 U.S. 389, 395–96 (1995). However, the clause does not require that a "sentence be given a degree of finality that prevents its later increase." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). An acquittal and a sentence are different. *Id.* Thus, there is no double jeopardy protection against revocation of probation or parole with imposition of imprisonment. *Id.*

Likewise, the denial of parole is neither punishment nor imposition or increase of a sentence for double jeopardy purposes; rather, it is an administrative decision to withhold early release. *Mahn v. Gunter*, 978 F.2d 599, 602 n. 7 (10th Cir.1992); *Alessi v. Quinlan*, 711 F.2d 497, 501 (2d Cir.1983) (denial of parole "is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause"); *Guzman v. Morris*, 644 F.2d 1295, 1299 (9th Cir. 1981) ("Guzman was not resentenced by the CRB, but merely had his release date redetermined. The delegation of this kind of authority to a non-judicial body is well-settled . . . There is no violation of the double jeopardy clause, because Guzman simply was not put in jeopardy twice for the same offense."). The Double Jeopardy Clause does not provide the defendant with the right to know at any specific point in time what the precise limit of his punishment will be. *United States v. DiFrancesco*, 499 U.S. at 137. Moreover, "parole hearings are not part of a criminal prosecution" and thus do not count as successive prosecutions under the Double Jeopardy Clause. *Park v. Swarthout*, No. CV 11-

8015-RGK PLA, 2012 WL 870724, at *3 (C.D. Cal. Feb. 10, 2012), *citing Pedro v. Oregon Parole Bd.*, 825 F.2d 1396, 1399 (9th Cir. 1987).

Plaintiff alleges that he was subjected to double jeopardy because testimony from his trial was used during his parole hearings to find him not credible. Plaintiff also explains, however, that he was sentenced to a term of nineteen years to life. Thus, the Double Jeopardy Clause is not implicated in the denial of Plaintiff's parole because Plaintiff has not suffered multiple prosecutions or punishments for the same offense. Plaintiff has failed to allege a claim under the Double Jeopardy Clause.

**C. Cruel and Unusual Punishment – Eighth Amendment**

Plaintiff alleges that the Board's conduct during the parole hearings constituted cruel and unusual punishment. As explained above, neither parole hearings nor the denial of parole constitutes "punishment" and thus do not run afoul of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"). A parole denial is not an extension of Plaintiff's sentence or an imposition of an additional sentence and is "presumptively valid" so long as it falls "within legislatively mandated guidelines." *United States v. Mejia-Mesa*, 153 F.3d 925, 930 (9th Cir. 1998) ("Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.").

Plaintiff has not alleged a cause of action under § 1983 based on the Eighth Amendment.

**D. Judicial Immunity**

Individuals acting in a judicial capacity are immune from civil liability for actions taken within their judicial jurisdiction. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."). Immunity from damages extends to members of state parole boards when they make decisions "'to grant, deny,

or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) ("Absolute immunity has also been extended to parole officials for the 'imposition of parole conditions' and the 'execution of parole revocation procedures,' tasks integrally related to an official's decision to grant or revoke parole."), *quoting Anderson v. Boyd*, 714 F.2d 906, 909-910 (9th Cir. 1983). It also encompasses "other officers of government whose duties are related to the judicial process," including, for example, "court-appointed psychiatrists who prepar[e] and submi[t] medical reports" for judicial purposes. *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970); *Burns v. Cnty. of King*, 883 F.2d 819, 822 (9th Cir. 1989) ("probation officers preparing presentence reports for the use of state courts are absolutely immune from damage liability under section 1983.").

This immunity exists to ensure that parole board members function as impartial fact finders in each case before them. *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981) ("If parole board officials had to anticipate that each time they rejected a prisoner's application for parole, they would have to defend that decision in federal court, their already difficult task of balancing the risk involved in releasing a prisoner whose rehabilitation is uncertain against the public's right to safety would become almost impossible.").

Defendants Richardson, Cassady, Zarrinnam, and Fowler are all members of the Board of Parole Hearings who presided over Plaintiff's parole hearings and the current lawsuit is targeted at actions they took while presiding over those hearings, including the consideration of certain kinds of evidence and the questions they asked Plaintiff. Defendant Kusag is the Chief Psychologist of the Board of Parole Hearings who allegedly reviewed and approved a comprehensive risk assessment submitted to the Board for consideration at the hearings. Those actions were all integrally related to the decisions to deny Plaintiff parole. These defendants are thus entitled to judicial immunity and Plaintiff cannot pursue damages claims against them.[2]

[2] Plaintiff may, of course, pursue prospective injunctive or declaratory relief against state judicial actors. *Pulliam v. Allen*, 466 U.S. 522, 541 (1984). As noted above, however, the particular injunctive and declaratory relief he seeks in the FAC is likely unavailable for other reasons.

**E. State Action**

As explained above, a claim under § 1983 requires that a defendant be acting under "color of state law." *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012). "[P]rivate parties are not generally acting under color of state law, and we have stated that '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed").

Plaintiff asserts a claim against Defendant Pennington, a court reporter with Northern California Reporters. There is no allegation that Defendant Pennington is a state actor and, in fact, Pennington appears to a private individual. Plaintiff thus cannot assert a § 1983 claim against Defendant Pennington. *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) ("Individuals bringing actions against private parties for infringement of their constitutional rights, therefore, must show that the private parties' infringement somehow constitutes state action.").

**IV. CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556

U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cnty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a Second Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **30 days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-01342-DAD-EPG-PC; and,

\\\

\\\

\\\

\\\

\\\

4. If Plaintiff fails to file an amended complaint within 30 days, the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **December 21, 2016**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE